[No. 19171.   Department One.   July 14, 1925.]

*In the Matter of the Estate of* FLORA C. SNODGRASS, *Deceased.*

GEORGE W. SNODGRASS, *Appellant,* v. LETITIA J. TOOMBS *et al., Respondents.*[1]

WILLS (85)—RIGHTS OF DEVISEES AND LEGATEES—CONSTRUCTION OF SPECIFIC BEQUEST. A bequest of one-third of the remainder of the net income of the estate, for the remainder of the beneficiary's life, if he should meet with business reverses so that his income should be less than six hundred dollars a year, does not attach in favor of a farmer upon his suffering a net loss for any one year, where there was no radical change in his permanent income, and his net worth, if taken out of farming and invested at six per cent interest, would yield more than six hundred dollars a year.

[1]Reported in 237 Pac. 721.

Appeal from an order of the superior court for Kittitas county, Davidson, J., entered August 15, 1924, denying the right of petitioner to inherit under the terms of a will, after a hearing to the court. Affirmed.

*Eugene E. Wager,* for appellant.

*E. K. Brown,* for respondents.

Askren, J.—Flora C. Snodgrass died on November 25, 1922, leaving a will which was duly admitted to probate, under the terms of which she disposed of her estate and nominated the Spokane & Eastern Trust Company as executor thereof. Paragraph 3 of the will provided:

"Third: In case my husband George W. Snodgrass, should meet with business reverses so that his income should be less than six hundred dollars a year, at any time during his life, I direct that he be paid one-third of the remainder of the net income from my said estate for the remainder of his life."

On June 12, 1924, the surviving spouse, George W. Snodgrass, deeming himself entitled to receive under this paragraph of the will, made application to the executor for the portion of the income of the estate indicated by this section. The executor filed the application in the superior court and a hearing was had to determine the petitioner's rights under the will. From an order denying him any relief, the surviving spouse has appealed.

The sole question is whether appellant is entitled to inherit under paragraph 3 of the will, and that must be determined by finding as a fact whether the condition precedent provided for therein had come into being. If so, appellant was entitled to the relief demanded.

The hearing developed the following facts: Appellant and decedent had for many years lived in Kitti-

tas county, and at the time of decedent's death, and
for a long time prior thereto, the appellant was the
owner of 480 acres of land therein, 160 acres of which
were worth approximately $200 per acre, and 320 acres
of which were worth approximately $25 per acre, to-
gether with a large quantity of farming machinery,
$500 worth of bank stock, three cows, twenty-five head
of horses; and, at the time of the hearing, appellant
also had upon the property in question 4,800 bushels
of wheat, 100 tons of baled straw, and 70 tons of baled
hay, of the approximate value of $7,500. His total as-
sets may roughly be said to be in the neighborhood of
$49,000, against which he had an indebtedness of close
to $32,000. It was appellant's contention that, under
the provision of the will, all that he was required to
show was that in any one year his income was less than
$600. The testimony established that the operation of
the farm in question showed a net loss of approxi-
mately $3,000 in the year 1923.

In determining what was the intention of the testa-
trix by provision 3 of the will, we must follow the
cardinal rule in the construction of wills that the in-
tention of the testator must be ascertained, if possible.
Clearly, in determining this intention, the court should
take into consideration all the surrounding circum-
stances known to the testatrix at the time of the execu-
tion of her will. The business appellant was engaged
in was that of farming. A business reverse must be a
radical change for the worse—an unusual condition—
an unexpected situation. Certainly it must be more
than a mere failure to make a profit during any one
year. Appellant admitted that the loss sustained in
1923 was due to lack of water and slump in prices. It
is well known that the business of farming is not a
continuously profitable one. It has its lean years and
its fat ones, the same as most other enterprises. The

words used in the will must be given an interpretation that carries with it their normal, ordinary and usual meaning. Would a man engaged in any business that happened, for any legitimate reason fairly to be expected in the prosecution of the business, to fail to make a net profit in any one year say that he had suffered a business reverse? We think he more likely would say that he "had a poor year," or that he "had made no profit" in that year.

It will be seen that, upon the happening of the event provided for in the will, to wit, business reverses that would make the income of appellant less than $600 a year, the income vests in the appellant for the balance of his life. Appellant contends that the words "at any time" should be construed to mean the same as if it read "during any one year of his life"; but we think these words mean that, if the condition is shown, then he may receive at any time during his life. The trial court found that the net worth of appellant, if taken out of the farm business entirely and invested in good securities at six per cent, would yield more than $600 per year, which was the minimum set in the will of decedent. If the construction which appellant puts upon this provision is correct it would mean that, even though appellant were worth a very large sum of money and the business in which it was invested failed for any one year to yield a profit of $600 net, although the previous and succeeding years were very profitable, he would then be entitled to inherit under this will. We think the intention of the decedent was that, whenever his assets or his earning ability should reach a point where it was apparent that, without some radical change therein, his income would appear to be permanently less than $600 a year, then he should inherit. Since the will provided that he was to inherit permanently upon the condition being shown, we think it a

proper construction to say that his condition should partake also of a permanent character.

The judgment of the trial court is right and is affirmed.

TOLMAN, C. J., PARKER, MACKINTOSH, and MITCHELL, JJ., concur.